UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL N. RICH, JR.,

                Plaintiff,

   v.                                         **DECISION AND ORDER**
                                                      08-CV-666S

ASSOCIATED BRANDS, INC.,

                Defendant.

      1.      Presently, before this Court are: (1) Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 6); and (2) Plaintiff's Motions to Appoint Counsel. (Dockets No. 3 & 11).

      2.      Plaintiff brings an action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"), and New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 ("NYHRL"). (Docket No. 1). Plaintiff alleges the discrimination took place from a period on or around July 1, 2002 through July 9, 2004, the date Plaintiff was terminated. (Id.).

      3.      On June 17, 2008, more than four (4) years after Plaintiff was terminated, Plaintiff filed a claim of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Department of Human Rights ("NYDHR"). (Id.). On June 27, 2008, the EEOC informed Plaintiff that Plaintiff's claims were untimely filed since the EEOC has a 300 day time-limit, which limits the EEOC's

1

investigative efforts to claims filed within 300 days of the alleged violation. (Id.).  Since the last possible discriminatory act occurred on July 9, 2004, the day Plaintiff was terminated, Plaintiff's EEOC charge, brought on July 17, 2008, was outside the 300 day time-limit.

4. "Before a plaintiff brings a Title VII [] or ADA suit in federal court, 'the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency.'" Hogans v. Dell Magazines/Penny Press, 2008 WL 719212, *2 (S.D.N.Y. March 18, 2008) (citing Williams v. New York City Hous. Auth., 458 F.3d 67, 69 (2d Cir.2006)); 42 U.S.C. § 2000e-5).  "This requirement functions as a statute of limitations in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir.1998); see also Hogans, 2008 WL 719212, *2 ("This timeliness requirement 'is analogous to a statute of limitations.'") (citing McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214 (2d Cir.2006) (citation omitted)).  Since Plaintiff failed to timely bring his charge before the EEOC, Plaintiff's suit in this court is time-barred.

5. Plaintiff's NYHRL claim is also time-barred.  A cause of action for employment discrimination under NYHRL is governed by a three-year statute of limitations, measured from the filing of the action in court. N.Y. CPLR § 214(2); Quinn, 159 F.3d at 765; Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir.1996).  Since the instant action was filed on September 4, 2008, and the last possible discriminatory act occurred on July 9, 2004, Plaintiff did not commence the action within the three-year statute of limitation and is therefore time-barred.

6. Additionally, Plaintiff's Motions to Appoint Counsel (Dockets No. 3 & 11) are therefore denied as moot.

IT IS HEREBY ORDERED, that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motions to Appoint Counsel (Dockets No. 3 & 11) are DENIED as moot.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated:  December 6, 2008
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge