UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL N. RICH, JR.,

                Plaintiff,

v.                                                                               **DECISION AND ORDER**
                                                                                 08-CV-666S

ASSOCIATED BRANDS, INC.,

                Defendant.

1.      On December 10, 2008, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint on the ground that all claims are time-barred. (Docket No. 15).  On December 23, 2008, Plaintiff filed a Motion for Reconsideration, (Docket No. 18), and Plaintiff also filed a Notice of Appeal. (Docket No. 19).  Presently before this Court is Plaintiff's Motion for Reconsideration. (Docket No. 18).

2.      A federal district court and a federal court of appeals should not assert jurisdiction over a case simultaneously. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).  As a result, "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id.  Since Plaintiff is appealing to the Second Circuit from "all of the decision [sic] this Court entered on December 10, 2008," (Docket No. 19), and his Motion for Reconsideration, "ask[s] the Court for reconsideration from [this Court's] final Order of December 10, 2008," (Docket No. 18), Plaintiff is asking this Court to reconsider the

precise issue that he has appealed to the Second Circuit.

3.      However, two important factors weigh against jurisdictional divestiture in this case. First, the Second Circuit has recognized that, "[t]he divestiture of jurisdiction rule is ... not a per se rule ... [I]ts application is guided by concerns of efficiency and is not automatic." In re M/V DG HARMONY, No. 98-CV-8394, 2007 WL 895251, at *2 (S.D.N.Y. March 16, 2007) (citing United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996)). Second, if a notice of appeal is filed *after* a motion for reconsideration, the district court retains jurisdiction over the motion for reconsideration. See Basciano v. Lindsay, No. 07-CV-421, 2008 WL 1700442, at *1 (E.D.N.Y. April 9, 2008) ("where, as here, the notice of appeal is filed while a timely filed Rule 59(e) motion is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the Rule 59(e) motion."). In this case, Plaintiff filed his Motion for Reconsideration on the same day that he filed his Notice of Appeal – December 23, 2008. Although Plaintiff's Motion for Reconsideration was entered on the Docket first, the entries are not time-stamped, and this Court cannot determine which was submitted first.

4.      In light of Plaintiff's *pro se* status, this Court will assume that Plaintiff filed his Notice of Appeal *after* his Motion for Reconsideration.  As a result, this Court retains jurisdiction over the post-judgment Motion for Reconsideration.

5.      Motions for Reconsideration are not recognized under the Federal Rules of Civil Procedure *in haec verba*.  Courts ordinarily treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such

motion is filed not later than 10 days from the entry of the judgment.[1]  See, e.g., Cray v. Nationwide Mut. Ins. Co., 192 F. Supp. 2d 37, 38 n.1 (W.D.N.Y. 2001).  The decision on whether to grant or deny a motion fo reconsideration lies within this Court's discretion.  See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  This Court recognizes that "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked - i.e., matters that may reasonably be expected to alter the conclusion reached by the district court."  Abimola v. Ridge, 181 Fed.Appx. 97, **2 (2d Cir. 2006).  Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F.Supp. 538, 541 (M.D.Pa. 1993)).  Lastly, motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision.  See Duane, 1994 WL 494651 at *1.

6.      Plaintiff has not satisfied the requisite standard for granting a motion for reconsideration.  First, he improperly attempts to argue a number of issues that were not presented in the prior motion, which dealt solely with timeliness.  And second, where Plaintiff's Motion for Reconsideration does address timeliness, he offers nothing additional

---

[1] Plaintiff's motion was filed within 10 days here.  Rule 6(a)(2) of the Federal Rules of Civil Procedure excludes intermediate Saturdays, Sundays, and legal holidays when the period for filing is less than 11 days.  Therefore, Plaintiff's filing, on December 23, 2008, is within ten days of this Court's December 10, 2008 Decision and Order.

that would disturb this Court's December 10, 2008 Decision or the EEOC's determination.[2]

Accordingly, Plaintiff's Motion for Reconsideration is denied.

      IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 18) is DENIED.

      SO ORDERED.

Dated:   January 26, 2009
           Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[2] Plaintiff merely states that, "[s]ince the Plaintiff did bring his charge before the EEOC, Plaintiff suit in the Federal Court is Not Time Barred. The EEOC investigator told me: 'With this Right to Sue Letter, They Can't Keep you out of Court'! Plaintiff's NYHRL claim is also Not Time Barred. The Plaintiff Assumed he properly filed with the EEOC, thus the EEOC would communicate with the NYHRL." (Docket No. 18, at 8).