UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL N. RICH, JR.,

            Plaintiff,

v.

ASSOCIATED BRANDS, INC.,

            Defendant.

**DECISION**
**and**
**ORDER**

08-CV-666S(F)

---

APPEARANCES:        MICHAEL N. RICH, JR., *pro se*
                            26 Sunset Parkway
                            Oakfield, New York   14125

                            HODGSON RUSS, LLP
                            Attorneys for Defendant
                            JOSHUA I. FEINSTEIN, of Counsel
                            The Guaranty Building
                            140 Pearl Street
                            Buffalo, New York   14202

In this employment discrimination case, Plaintiff alleges violations of the Americans with Disabilities Act and breach of contract.

By papers filed August 27, 2010, Plaintiff moves for an order appointing counsel (Doc. No. 28) ("Plaintiff's motion"). The matter is presently before the court on remand from the Second Circuit directing consideration of Plaintiff's claim that Defendant failed to hire Plaintiff based on Plaintiff's alleged disability and breach of a contract between Plaintiff and Defendant (Doc. No. 26).

At a conference conducted pursuant to Judge Skretny's August 30, 2010 referral order (Doc. No. 29) for purposes of entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b), Plaintiff explained that Defendant had refused to hire Plaintiff for positions for which he was then qualified based on Plaintiff's alleged disability. Plaintiff also

maintained that Defendant had breached a contract relating to Defendant's prior service with Defendant relating to Plaintiff's cost accounting work and that the contract guaranteed Plaintiff's employment with Defendant as a consultant for a indeterminate period, *i.e.*, continuing employment as an accountant until the earlier of Plaintiff's retirement or death. Although Defendant concedes the existence of an earlier severance agreement between Plaintiff and Defendant which Defendant fully performed, as noted by the Second Circuit in its disposition of Plaintiff's appeal in this case, according to Defendant, Plaintiff's assertions of any further contractual relationship are based on Plaintiff's attempts to unilaterally amend the earlier severance agreement to which Defendant refused to agree. Additionally, aside from the apparent inconsistency between alleging a breach of contract for lifetime employment on the one hand, and Plaintiff's efforts to obtain employment with Defendant which according to Plaintiff Defendant wrongfully refused on the other hand, Plaintiff did not point to any specific job opening for which Plaintiff alleges Plaintiff applied and was then qualified despite his disability.

To warrant assignment of counsel the court must determine the "likelihood of merit" in a *pro se* indigent plaintiff's claim, Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). In exercising its discretion, *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (assignment of attorney to indigent party discretionary with court), the court should consider, in addition to the merits of an indigent plaintiff's claims, the plaintiff's ability to investigate the relevant facts, the need for cross-examination of important conflicting evidence, the complexity of the legal issues, and other special reasons dictating the need for appointed counsel to achieve a just outcome. *Hendricks*, 114

F.2d at 390. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

Here, not only are Plaintiff's claims apparently inconsistent, as explained to the court by Plaintiff, but Plaintiff was unable to point to any evidence to suggest the existence of any contract effectively guaranteeing virtually lifetime employment with Defendant as a consultant. Accordingly, solely for the purposes of assessing whether counsel should be assigned, as Plaintiff requests, at this time, the court finds an apparent lack of substance to Plaintiff's claims on remand thereby indicating Plaintiff's claims are weak and without substantial merit and a "chance of prevailing." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 28) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 27, 2010
      Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND
ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH
THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE
OF THIS DECISION AND ORDER IN ACCORDANCE WITH
FED.R.CIV.P. 72(A).