UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL N. RICH, JR.,                                          **DECISION**
                         Plaintiff,                              **and**
    v.                                                          **ORDER**

ASSOCIATED BRANDS, INC.,                                 **08-CV-666S(F)**
                         Defendant.


APPEARANCES:        MICHAEL N. RICH, JR., *pro se*
                         26 Sunset Parkway
                         Oakfield, New York   14125

                         HODGSON RUSS, LLP
                         Attorneys for Defendant
                         JOSHUA I. FEINSTEIN, of Counsel
                         The Guaranty Building
                         140 Pearl Street
                         Buffalo, New York   14202

## JURISDICTION

       This case was referred to the undersigned by Hon. William M. Skretny on August

30, 2010, for dipsosition of non-dispositive pretrial matters.  The matter is presently

before the court on Plaintiff's motion filed February 1, 2011, seeking leave to file an

amended complaint (Doc. No. 69), and a motion to intervene filed February 28, 2011,

by Associated Brands Inc. (Doc. No. 77).


## BACKGROUND AND FACTS[1]

       Plaintiff Michael N. Rich, Jr. ("Plaintiff"), proceeding *pro se*, commenced this

employment discrimination action on September 4, 2008, alleging violations of the

Americans with Disabilities Act and breach of contract.  Plaintiff specifically claims that

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

on July 9, 2004, Plaintiff's former employer, Associated Brands, Inc. ("Defendant"), terminated Plaintiff's employment based on Plaintiff's disability, and then reneged on a separation agreement ("the contract") which provided that Defendant would consider rehiring Plaintiff in the future.  Defendant, a New York corporation, is located in Medina, New York ("New York entity"), and is wholly-owned by Associated Brands Inc., of Ontario, Canada ("Ontario entity").  Collectively, Defendant New York entity and Ontario entity are referred to as "ABI."

On February 1, 2011, Plaintiff filed a motion seeking leave to file an amended complaint (Doc. No. 69) ("Plaintiff's motion"), supported by the attached Affidavit of Michael N. Rich, Jr. ("Plaintiff's Affidavit"), and a copy of the proposed amended complaint ("Proposed Amended Complaint").  On February 28, 2011, Defendant and its parent company, the Ontario entity, filed a motion (Doc. No. 77) ("ABI's motion") to permit the Ontario entity to intervene as a defendant to this action.  ABI's Motion is supported by the attached Memorandum of Law in Support of Motion to Permit Intervention ("ABI's Memorandum"), and the Declarations of Sue Barlow (Doc. No. 78) ("Barlow Declaration"), and Joshua Feinstein, Esq.  (Doc.  No. 79) ("Feinstein Declaration"), also filed on February 28, 2011.

On March 8, 2011, Defendant filed a Memorandum of Law in Opposition to the Plaintiff's Motion to Amend (Doc. No. 85) ("Defendant's Memorandum").  On April 7, 2011, Plaintiff filed a response opposing ABI's motion (Doc. No. 94) ("Plaintiff's Response").  On May 19, 2011, ABI filed a Reply Memorandum of Law in Further Support of Motion to Permit Intervention (Doc. No. 96) ("ABI's Reply").  On June 6, 2011, Defendant filed a Supplemental Memorandum of Law in Opposition to Plaintiff's

Motion to Amend (Doc.  No.  101) ("Defendant's Supplemental Memorandum").  In further support of his motion, Plaintiff filed on June 17, 2011, Plaintiff filed an affidavit (Doc. No. 105) ("Plaintiff's Reply Affidavit").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DENIED in part and GRANTED in part; ABI's motion is GRANTED.


## DISCUSSION

**1.    Motion to Amend**

Plaintiff seeks to file an amended complaint to allege a New York common law claim for defamation based on a statement made in an April 28, 2004 e-mail sent by Plaintiff's former supervisor John Mandabach ("Mandabach"), to one Jim Holland ("Holland"), asserting Plaintiff "is being a real jerk and my patience is wearing thin." Plaintiff's Memorandum at 8.  Plaintiff also seeks to add factual allegations regarding the events that preceded the original separation agreement as compared to events preceding the July 7, 2004 separation agreement.  *Id*. at 2.  In opposition to Plaintiff's motion, Defendant asserts that the proposed defamation claim is futile because it is time-barred, Defendant's Memorandum at 2; Defendant's Supplemental Memorandum at 2-3, and the statement on which such claim is based is mere opinion which is not actionable as defamation, Defendant's Memorandum at 2.  Defendant also asserts the factual allegations Plaintiff seeks to add are the same allegations that were dismissed from this action by the Second Circuit on May 28, 2010 (Doc. No. 26), as "time-barred discrimination allegations."  *Id*.

Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted

3

when justice so requires."   Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted.  *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993).  An amended complaint may be filed pursuant to Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile.  *Foman v. Davis*, 371 U.S. 178, 181 (1962).

Further, where a requested pleading amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993).  A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6). *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657, 666 (S.D.N.Y.2001).  An amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999).

Here, the New York common law defamation claim Plaintiff seeks to add is subject to a one-year limitations period, N.Y.Civ. Prac. L. & R. § 215[3] (McKinney's 2003), which was triggered on the date the subject statement was first published, *i.e.*, April 28, 2004, and is not renewed each time the statement is republished.  *Firth v. State of New York*, 775 N.E.2d 463, 464-66 (N.Y. 2002).  Nor is the New York limitations period for defamation claims tolled pending discovery of the alleged offensive statement.  *Id*.  As such, any defamation claim Plaintiff could bring based on the publication of the subject statement accrued on April 28, 2004, *i.e.*, the date Mandabach sent the offending e-mail to Holland.  That the statute does not run anew

each time the statement is republished, *id.*, renders Plaintiff's assertion that the statement was republished on May 25, 2011, Plaintiff's Reply Affidavit at 5, irrelevant to the timeliness of the claim.

Moreover, even if Plaintiff could timely assert a defamation claim, the nature of the putative defamation claim fails to state a claim insofar as Mandabach's reference to Plaintiff as being a "jerk" constitutes mere opinion, which is not actionable as defamation. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17 (1990) *Gross v. New York Times Co.*, 623 N.E.2d 1163, 1167 (N.Y. 1993) (same). "Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance." *Aronson v. Wiersma*, 483 N.E.2d 1138, 1139 (N.Y. 1985) (citing cases). Further, because falsity is a *sine qua non* of a defamation claim, and because only assertions of fact are capable of being proven false, New York courts have consistently held that a defamation action can be maintained only if it is premised on published assertions of fact rather than opinion. *Brian v. Richardson*, 660 N.E.2d 1126, 1129 (N.Y. 1995) (citing cases). "Rhetorical hyperbole," including "vigorous epithets," and "imaginative expressions of contempt," however, cannot reasonably be interpreted as stating actual facts or implying a factual basis. *Milkovich*, 487 U.S. at 17; *Gross*, 623 N.E.2d 1167.

Here, the court finds that Mandabach's reference to Plaintiff in an inter-office e-mail as a "jerk" was not intended as an assertion of fact capable of being proven true or false. Rather, the statement is more properly characterized as Mandabach's expressed, albeit unflattering, opinion of Plaintiff. Nevertheless, such opinion, even if commonly perceived as disparaging in nature, is not a fact and, thus, cannot support a defamation claim under New York law. Accordingly, the defamation claim is futile

5

because it is time-barred and unactionable under controlling state law, and Plaintiff's motion to amend is DENIED on this ground.

With regard to the factual allegations Plaintiff seeks to add regarding the circumstances leading to the original separation agreement and the July 7, 2004 separation agreement, Defendant asserts such factual allegations are the same allegations that were dismissed from this action by the Second Circuit on May 28, 2010, as "time-barred discrimination allegations" such that the law of the case doctrine precludes Plaintiff from reasserting them.  Defendant's Memorandum at 2.  Defendant is, however, mistaken.

Liberally construing Plaintiff's assertions, as required in light of Plaintiff's *pro se* status, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by attorneys), establishes that such allegations are relevant to Plaintiff's contract claim, which the Second Circuit remanded to this court.  For example, such allegations, if proven to a jury, could establish that Defendant never intended to abide by the terms of the separation agreement, thereby supporting Plaintiff's breach of contract claim which the Second Circuit remanded to this court.  Accordingly, Plaintiff's motion is GRANTED insofar as Plaintiff seeks to assert factual allegations regarding the circumstances under which the original separation agreement and the July 7, 2004 separation agreement were drafted.

## 2.     Motion to Intervene

ABI seeks leave to add the Ontario entity as a defendant, explaining that there is confusion as to whether Plaintiff intended to sue only the New York entity, ABI's

subsidiary, or the Ontario entity as parent, or both.  ABI's Memorandum at 1.  ABI

explains the confusion arises because the names of the two entities are substantially

the same, with the name of the New York entity including a comma before "Inc." and no

comma in the Ontario entity's name.  Barlow Declaration ¶ 1.  Because Plaintiff was

employed by the New York entity, working at its New York manufacturing facility where

Plaintiff had attempted to reapply for employment following his termination, it was

Defendant's understanding that only the New York entity was sued.  *Id*. ¶¶ 3-4.

According to ABI, the New York entity, which was Plaintiff's employer, is named as

Defendant in this action's caption, but Plaintiff has, at various times during this litigation,

made statements indicating Plaintiff intended either to sue only the Ontario entity, or

both the New York and Ontario entities.  ABI's Memorandum at 1.  Only the New York

entity was served with process in this action.  Feinstein Declaration ¶ 2.  No question as

to which entity Plaintiff intended to sue was raised until Plaintiff, at the October 25,

2010, scheduling conference, made statements indicating he had sued both the New

York and Ontario entities.  *Id*. ¶¶ 3-4.  ABI further maintains that both the New York and

Ontario entities are entitled to intervene as of right, ABI's Memorandum at 1-2, or with

the court's permission, *id.* at 2-5.

    In opposition, Plaintiff maintains that he has sued the Ontario entity, but that he

otherwise is unsure of how to respond to ABI's motion as the issue is complex and

Plaintiff is not represented by legal counsel.  Plaintiff's Response at 4, 9.  According to

Plaintiff, that he named the Ontario entity as the discriminating party in his

discrimination charge filed with the EEOC prior to commencing the instant action

establishes that Plaintiff is suing the Ontario entity.  *Id*. at 6, 9.  In reply, ABI urges the

court grant its motion given that Plaintiff has not set forth any legitimate grounds for denying the motion and, rather than resulting in any prejudice to Plaintiff, permitting the intervention will ensure Plaintiff is able to pursue his claims against both entities.  ABI's Reply at 2-3.

Pursuant to Rule 24(a), the court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed.R.Civ.P. 24(a)(2).  ABI maintains, and Plaintiff does not dispute, that both the New York and Ontario entities have an interest in the subject matter of this action given that the New York entity is Plaintiff's former employer, and the entity Plaintiff maintains failed to rehire Plaintiff, yet Plaintiff has made assertions before the court indicating the Ontario entity is the proper Defendant.  ABI's Memorandum at 1-2.  Unless the Ontario entity is permitted to intervene, the two separate entities cannot adequately represent each other's interests in this matter.  *Id*. at 2.  ABI's arguments on this point are persuasive and, in the absence of any substantive argument to the contrary from Plaintiff, ABI's motion seeking to have the Ontario entity intervene is GRANTED as a matter of right.

Because the court has granted ABI's motion under Fed.R.Civ.P. 24(a), it will not address ABI's alternative argument seeking permission to intervene pursuant to Fed.R.Civ.P. 24(b).

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Amend (Doc. No.  69) is DENIED in

part and GRANTED in part; ABI's Motion to Intervene (Doc. No. 77) is GRANTED.

SO ORDERED.  The Clerk of the Court shall amend the caption of the action to reflect

"Associated Brands Inc." as a party-intervenor.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 22, 2011
    Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND
ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH
THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE
OF THIS DECISION AND ORDER IN ACCORDANCE WITH
FED.R.CIV.P. 72(A).