UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL N. RICH, JR.,

         Plaintiff,

v.

**DECISION AND ORDER**
08-CV-666S

ASSOCIATED BRANDS, INC.,

         Defendant

and ASSOCIATED BRANDS INC.,

         Intervenor-Defendant.

## I. INTRODUCTION

Plaintiff Michael N. Rich, Jr., commenced this action in 2008 seeking damages for, among other things, employment discrimination based on disability. Presently before this Court is Defendants' Motion for Summary Judgment dismissing the complaint. This Court has considered the submissions and finds oral argument unnecessary. For the reasons that follow, Defendants' motion is granted.

## II. FACTUAL BACKGROUND

Plaintiff filed his employment discrimination complaint pro se in September 2008 against his Medina, New York employer, Defendant Associated Brands, Inc. (Compl. ¶ 2.) This Defendant moved to dismiss the complaint on the ground that suit based on the alleged discriminatory actions, which ended with Plaintiff's termination in July 2004, was time barred. (Docket No. 6.) This Court granted the motion and dismissed the complaint. (Docket Nos. 15, 16.)

1

Plaintiff appealed the Decision and Order granting the motion to dismiss as well as the denial of his subsequent motion for reconsideration. (Docket Nos. 18-21.) The Second Circuit affirmed this Court's dismissal of those claims based on alleged discriminatory acts occurring between July 1, 2002 and July 9, 2004. (Second Circuit Mandate at 4, 6, Docket No. 26.) The Court further determined, however, that based on a liberal reading of the pro se complaint, a failure to hire claim that was not time barred and a state law breach of contract claim could also be discerned. (Id. at 5-6.) These two claims were remanded to this Court for consideration.

Following remand, Medina Defendant Associated Brands, Inc., answered the complaint. (Docket No. 27.) This Defendant is owned by Ontario-based Defendant Associated Brands Inc. (these two entities are nominally distinguished by the lack of comma in the latter's name). (Defs' Mem of Law in Support of Motion to Intervene, Docket No. 77-1 at 4.) Because Defendants were not sure which entity was the intended defendant, both moved to intervene. (Id.) The Ontario-based parent company was permitted to intervene as of right in September 2011. (Decision and Order of Magistrate Judge Foschio, Docket No. 117 at 8.) Plaintiff also moved to amend his complaint, and that motion was partially granted to the extent that Plaintiff sought "to assert factual allegations regarding the circumstances under which the original separation agreement and the July 7, 2004 separation agreement were drafted." (Id. at 6.) Plaintiff's Motion for the Appointment of Counsel was also granted in September 2011. (Docket Nos. 99, 118.) Despite Judge Foschio's order and the assignment of counsel, however, no amended

2

complaint was filed.[1]

Defendants now move for summary judgment dismissing the complaint.[2]

### III.  DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248), *cert denied* 540 U.S. 811 (2003).  Further, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d

---

[1] Although a document which bears the words "2nd Ammended Complaint [sic]" appears among the exhibits to Plaintiff's opposing declaration, it is partially illegible, and it is unclear if it is only an excerpt of a document. (Docket No. 140.)

[2] In support of this motion, Defendants submitted the Declaration of Mary Lou Rue, Declaration of Sue Barlow with Exs. A-C, Declaration of Attorney Joshua Feinstein, Esq., with Exs. A-JJ, and a supporting Memorandum of Law. (Docket No. 132.)  Defendants also filed a Statement of Undisputed Facts (Docket No. 134.)  Plaintiff opposed the motion with the Attorney Affidavit of Catherine Creighton, Esq., with Exs. A-C (Docket Nos. 137, 139-2, 3), a Memorandum of Law in Opposition (Docket No. 139), a Response to Defendants' Statement of Undisputed Facts (Docket No. 139-1), Plaintiff's Declaration in Opposition with Exs. A-M (Docket No. 140), and Docket No. 138 consists of 'Exhibits B-J to Plaintiff's Affidavit.'  Defendants replied with Feinstein's Reply Declaration with Exs. A-D (Docket No. 141) and a reply Memorandum of Law (Docket No. 142).

Cir.2003).

**A.     Failure to Hire**

Plaintiff's failure to hire claim is subject to the burden-shifting analysis found in McDonnell Douglas Corp. v Green. 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); see McBride v. BIC Consumer Prod. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009). Under this analysis, a plaintiff must first establish a prima facie case of discrimination. McBride, 583 F.3d at 96.

Here, Plaintiff failed to establish such a claim. Plaintiff contends that Defendants failed to hire him in August 2007 because he had a disability.  (Compl. ¶ 19.23.) By his own admission, however, he never applied for a specific position. (Pl's Mem of Law at 6-9, Docket No. 139 (referencing "any position which opened up," "any available job," and "that he applied for unspecified jobs"); Pl's Dep at 60, 62, 111, Creighton Aff, Ex. A, Docket No. 139-3 ("any future positions that were open," "any position that opened up").) Courts in this Circuit "generally require that the plaintiff establish that []he applied for the specific position but did not receive an offer." Gaffney v. Dep't of Info. Tech. and Telecomm., 536 F.Supp.2d 445, 459-60 (S.D.N.Y. 2008); Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998); Bernstein v. The MONY Group, Inc., 228 F.Supp.2d 415, 419 (S.D.N.Y. 2002).  "[M]erely asserting that on several occasions she or he generally requested promotion" or a new position is insufficient to establish a prima facie case of a discriminatory failure to hire or promote. Brown, 163 F.3d at 710 (noting that to hold otherwise would unfairly burden employers with the responsibility of keeping track of not only who actually applied, but those persons who may have generally expressed an interest); see Kinsella v. Rumsfeld, 320 F.3d 309, 314-15 (2d Cir. 2003); Bernstein, 228

F.Supp.2d at 419; Meyers v. Medco Health Solutions, Inc. No. 09-CV-09216, 2012 WL 4747173, *14 (S.D.N.Y. Oct. 4, 2012). This cause of action must therefore be dismissed.

## B. Breach of Contract

Plaintiff contends that Defendants breached a written agreement entitled "Original Separation Agreement" allegedly entered into on June 14, 2004. (Pl's Mem of Law at 4-6; see Feinstein Decl. Ex. FF.) This agreement entitled Plaintiff to monthly consulting fees which Defendants have not paid. (Pl's Mem of Law at 4; Feinstein Decl. Ex. FF.) Although the only copies in the record of the document purportedly constituting this agreement are unsigned, Plaintiff asserts that he and Jim Holland, the Associated Brands Toronto-based Director of Finance, did sign the agreement in June 2004 and that the signed copy must be in Defendants' possession. (Pl's Mem of Law at 4-6; see Feinstein Decl. ¶ 34 Exs. GG, HH.)

This theory is raised for the first time following remand. In his original complaint, as well as his argument on appeal, there was no mention of a purported signed June agreement. (Compl. ¶¶ 19.18-19.23; Pl's Appellate Br at 11-15, Feinstein Decl Ex. DD, Docket No. 132-10.) Instead, Plaintiff alleged that in June 2004 he "delivered a memo to Associated Brands Director of Finance, which [wa]s a request for a meeting due to intentional retaliation to me." (Compl. ¶ 19.18 (capitalization altered).) He further asserted that he received an *oral promise* in July 2004 that a new agreement providing for consulting fees and additional benefits was forthcoming:

> The Medina Vice President of Finance told me not to worry. He said I would receive immediately a second separation agreement in the mail which will include dates of health insurance coverage for both me and my wife. He also said in the presence of the [manager] of Medina Human Resources that if I sign the second separation agreement "the consulting agreement and

5

benefits *would come later*."

(Compl. ¶ 19.20 (capitalization altered, emphasis added).) Plaintiff further alleged that he "waited and never received the 3rd Separation Agreement agreed to after the 2nd agreement was voided due to errors." (Id. (capitalization altered).) Notably, the document which Plaintiff now asserts is the "original" agreement is subtitled "3rd Separation Agreement." (Feinstein Decl. Ex. FF.) Plaintiff specifically alleged in his complaint that, as of August 2007, "Associated Brands never gave me a signed benefits and consulting agreement as *verbally discussed* and agreed to with the Medina VP of Finance in August (per my phone call to him)." (Compl. ¶ 19.23 (capitalization altered, emphasis added).) Plaintiff further asserted on appeal, through counsel, that "Associated Brands was aware of the terms [of, among other things, a consulting agreement] which [Plaintiff] had repeatedly presented to them in writing, and had insisted upon, and that Associated Brands *orally agreed to* and promised him these benefits." (Pl's Appellate Br at 32 (emphasis added).)

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir.1985); see Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 105-06 (2d Cir. 2011), *cert denied* 132 S. Ct. 1744 (2012). Because Plaintiff's current contention that a written agreement providing consulting fees was signed by the parties in June 2004 is belied by his prior factual assertions that only an oral promise to that effect ever existed, the Court may properly disregard this new claim. Rojas, 660 F.3d at 105-06 (new allegations contradicted by prior judicial admission may properly be rejected after consideration of the record); Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). The breach of contract cause of action is therefore also dismissed.

## IV. CONCLUSION

For the reasons stated above, even considering the record in a light most favorable to Plaintiff, Defendants are entitled to summary judgment. Defendants' motion is granted and the complaint is dismissed.

## V. ORDERS

IT HEREBY IS ORDERED that Defendants' Motion for Summary Judgment (Docket No. 132) is GRANTED and the complaint is dismissed;

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.

Dated: November 10, 2012
      Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                          Chief Judge
                                  United States District Judge